UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEVIN RAZZOLI,<br><br>      Plaintiff,<br><br>    -against-<br><br>US ATTORNEY EXCUTIVE OFFICE; US MARSHAL EXCUTIVE OFFICE; TOP ECHILION WITTISEC PROGRAM; WITT SEC PROGRAM EXECUTIVE DIRECTOR; FEDERAL BUREAU OF PRISONS EXECUTIVE DIRECTOR; DRUG ENFORCEMENT AGENCY EXCUTIVE OFFICE; NEW YORK STATE POLICE OC & DRUG TASK FORCE EXECUTIVE OFFICE; NEW JERSEY STATE POLICE OC & DRUG TASK FORCE EXECUTIVE OFFICE; US PROBATION MIDDLE DISTRICT OF PENN.; US PROBATION EASTERN DISTRICT OF PENN; US PROBATION SOUTHERN DISTRICT OF NEW YORK; US PAROLE DEPT. EXECUTIVE OFFICE; US ATTORNEY'S OFFICE, MIDDLE DISTRICT OF PENNSYLVANIA; US ATTORNEY'S OFFICE SOUTHERN DISTRICT OF NEW YORK; US ATTORNEY'S OFFICE EASTERN DISTRICT OF PENNSYLVANIA; US ATTORNEY'S OFFICE DISTRICT OF NEW JERSEY; FEDERAL BUREAU OF PRISONS FBI/SIA DIRECTOR OF INTEL; NYPD GANG INTEL SECTION; NYPD OFFICE OF TOP ECHILON INFORMANTS; BRONX DISTRICT ATTORNEY'S OFFICE; HUNTS POINT MARKET PUBLIC SAFETY OFFICE; 41ST PRECINCT GANG INTEL UNIT NYPD,<br><br>      Defendants. | 21-CV-4138 (LTS)<br><br>ORDER TO AMEND |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff, who resides in Staten Island, brings this *pro se* action invoking the Freedom of

Information Act (FOIA), 5 U.S.C. § 552; federal criminal statutes, 18 U.S.C. §§ 241-42, 1001;

and the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the U.S. Constitution.

By order dated July 12, 2021, the Court granted Plaintiff's request to proceed *in forma pauperis*.[1] For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

---

[1] Plaintiff is barred under the Prison Litigation Reform Act's "three-strikes" provision, 28 U.S.C. § 1915(g), from filing federal civil actions IFP while a prisoner. *See Razzoli v. Lappin*, No. 07-CV-2968 (E.D. Pa. July 24, 2007); *Razzoli v Smith*, No. 05-CV-5580 (N.D. Ill. Oct. 12, 2005). Because Plaintiff was not a prisoner at the time he filed this action, section 1915(g) does not apply.

## BACKGROUND

Plaintiff Kevin Razzoli makes the following allegations. Plaintiff was a "U.S. Navy prisoner" from 1987 through 2012, and then a federal prisoner from 2012 until 2015. (ECF 1 at 3.) False and inaccurate files are being used "to deny [him the] right to earn wages, freedom [and a] fair trial." (*Id.*) In addition, "top ech[elon] informants" have "set [him] up" in order to cover up actions dating back to 1992, when Plaintiff was in Bureau of Prisons custody. (*Id.*)

Plaintiff states that:

Th[e] Ex[e]cutive Branches of US DOJ, Executive Branches of NY York State Police NYPD & Bronx Day have used 'False & Or Misleading Information Contained in their files that are being used to 'Deny' Kevin Razzoli A Right to Earn Wages, alter Trial Court Proc[e]edings & alter out come Of Pending Civil Rico Trial in Southern District of New York.[2]

(ECF 1 at 5, ¶ 1.)[3]

Plaintiff further alleges that:

Defendants NYPD, US MARSHALS SERVICE SDNY, Executive branch US MARSHALS, Executive Branch of WittSec Div. have been Maintaining in their Files on Kevin Razzoli information know[n] to be false And obtained thru use of EMIP DEVICES & other devices to obtain I information and refuses Kevin Razzoli to review such Files so he can refute The information that Defendants obviously did not investigate thru an independent outside source which is law in 5 USC 552a(g)(1)(c)(g)(4)(e)(5) " . . . . . Also violates 18 USC 241, 242, 18 USC 1001

. . .

Hunts Point Public Safety, Bronx DA's Office all other listed Defendants Willfully have applied False & Misleading information to alter outcome of court Proceedings of Kevin Razzoli that has denied him a right to ern wages since Year

---

[2] The Court recently dismissed Plaintiff's suit, asserting claims under the under the civil provision of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962, against Barack Obama, "Black Lives Matter," "Antifa," and others. *Rizzolo v. Black Lives Matter*, ECF 21-CV-4145, 17 (LTS) (S.D.N.Y. June 7, 2021). It is unclear if Plaintiff's reference to his civil RICO action in this district refers to that action.

[3] The Court quotes from the complaint verbatim, including capitalization and punctuation from the original.

2015 in the field he knows due to such information that "DEFENDANTS" Have not investigated via independent outside source, 5 USC 552a(g)(1)(c), (g)(4)(e)(5), 18 USC 241, 18 USC 1001

(*Id.* at 5-6, ¶¶ 2-3.)

In connection with his FOIA claim, Plaintiff alleges the following:

ALL DEFENDANTS NAMED IN THE FOIA COMPLAINT still maintain information in their files even though Lawyers for the Law Firm Wilkie, Farr & Gallagher, LLP, 777 Seventh Ave., NY NY have found in their files located in The Executive Branches Located in Washington DC . . . Scranton, Penn., Philadelphia, PA, Bronx, New York, Jersey City NJ, Fairton, NJ . . . Such violates 5 USC 552a(g)(1)(c), (g)(4)(e)(5), 18 USC 1001, 18 USC 241 18 U.S.C. 242

(*Id.* at 6, ¶ X.)

Plaintiff alleges the following with respect to his claims for violations of his

constitutional rights:

Th[e] Bronx DA's Office, NYPD Hunts Point Public Safety, US Marshals has used a[n] ARREST WARRANT that lists Kevin Razzoli as Black Race male which is not true but used to illegally arrest, denied to earn wages, RIGHT TO LIBERTY, PROPERTY & HAPPINESS a vested US Const Right 4th, 6th, 8th, 14th USCA and 5 USC 552a(g)(1)(c)(g)(4), (e)(5).

(*Id.* at 6, ¶ 5.)

Plaintiff has a pending suit in this district in which he alleged that in June 2016, the Hunts

Point Co-op notified him that he was forbidden from entering the Hunts Point Terminal Market

in Bronx County on the ground that he had "no legitimate purpose" for being on the premises.

*See Razzoli v. City of New York*, No. 16-CV-7136 (LGS) (S.D.N.Y.) (claims arising from June

2016 arrest at Hunts Point Terminal Market stayed pending resolution of state criminal

proceedings arising out of same incident).

## DISCUSSION

### A.  Criminal Prosecution

Plaintiff invokes 18 U.S.C. §§ 241, 242, and 1001, criminal statutes which provide for criminal liability for conspiracy against an individual's civil rights and deprivation of those rights. But "a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Moreover, "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981). Prosecutors possess discretionary authority to bring criminal actions, and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Plaintiff thus cannot initiate the arrest and prosecution of an individual in this Court. Accordingly, the Court dismisses Plaintiff's claims, to the extent they are brought under federal criminal statutes, for failure to state a claim on which relief may be granted. *See* 28 U.S.C § 1915(e)(2)(B)(ii).

### B.  Freedom of Information Act

The Freedom of Information Act (FOIA), 5 U.S.C. § 552, provides members of the public a right of access to some information from federal executive agencies. Federal courts have jurisdiction to enforce this right if a requester can show that "an agency has (1) 'improperly;' (2) 'withheld;' (3) 'agency records.'" *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980) (quoting 5 U.S.C. § 552(a)(4)(B)). "Unless each of these criteria is met, a district court lacks jurisdiction to devise remedies to force an agency to comply with the

FOIA's disclosure requirements." *U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989).[4]

A FOIA request must "reasonably describe the records of interest," which "means that documents must be described sufficiently to enable a professional employee familiar with the subject to locate the documents with a reasonable effort. . . . Extremely broad or vague requests or requests requiring research do not satisfy this requirement." 32 C.F.R. § 1900.12(a).

Under the FOIA, an applicant must exhaust administrative remedies by completing the administrative appeal process before seeking judicial review. 5 U.S.C. § 552(a)(6)(A)(i)-(ii); *see Sloman v. U. S. Dep't of Justice*, 832 F. Supp. 63, 65-66 (S.D.N.Y. 1993). The exhaustion requirement allows the targeted agency to correct its own errors to obviate unnecessary judicial review. *See McKart v. United States*, 395 U.S. 185, 193-94 (1969).

The FOIA establishes the following administrative process:

> Each agency, upon any request for records . . . shall--(i) determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of – (I) such determination and the reasons therefor[.]

5 U.S.C. § 552(a)(6)(A)(i); *see* 28 C.F.R. § 16.6(b), (c). If the request is denied, the requester may appeal the adverse determination to the head of the agency within 90 days. 5 U.S.C. § 552(a)(6)(A)(i)(III)(aa). While "[e]xhaustion of administrative remedies is normally required as a precondition to suit under the FOIA," *McKevitt v. Mueller*, 689 F. Supp. 2d 661, 667 (S.D.N.Y. 2010), if an agency fails to comply with the applicable time limits, a requester is deemed to have exhausted his administrative remedies, 5 U.S.C. § 552(a)(6)(C)(i); *New York*

---

[4] Money damages are not among the remedies available in a FOIA action. See 5 U.S.C. § 552(a)(4)(B); *Diamond v. FBI n*, 532 F. Supp. 216, 233 (S.D.N.Y. 1981), *aff'd sub nom. Diamond v. FBI .*, 707 F.2d 75 (2d Cir. 1983).

*Times Co. v. United States Dep't of Labor*, 340 F. Supp. 2d 394, 398 (S.D.N.Y. 2004) ("[P]rior to judicial review, the [plaintiff] must exhaust h[is] administrative remedies.").

Here, the complaint could be liberally construed as asserting claims that all defendants improperly withheld information under the FOIA. Many of the defendants named in this action, however, are state or local agencies, or private entities that are not subject to the FOIA, which "authorizes suit against federal agencies." *Times Newspapers of Great Britain, Inc. v. CIA*, 539 F. Supp. 678, 685 (S.D.N.Y. 1982). Moreover, Plaintiff's description in the complaint of the documents that he seeks is extremely broad and vague; this suggests that he may not have "reasonably described" to the federal agencies the records that he is seeking, as is required under 32 C.F.R. § 1900.12(a). Further, Plaintiff does not allege that he fully exhausted his administrative remedies before filing this action. Plaintiff therefore fails to state a claim on which relief can be granted under the FOIA.[5]

## C.     Rule 8 of the Federal Rules of Civil Procedure

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals

---

[5] The Court further notes that the district court of the United States in the district in which the requester resides or has his principal place of business, or in which the agency records are situated, or the District of Columbia, has jurisdiction to enjoin the agency from withholding agency records improperly held from the requester. 5 U.S.C. § 552(a)(4)(B). Because Plaintiff resides in Staten Island, which is in Richmond County, in the Eastern District of New York, it is unclear whether the Southern District of New York would have jurisdiction to adjudicate any of his FOIA claims even if they had been fully exhausted.

of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

Here, Plaintiff's complaint consists almost entirely of legal conclusions, rather than well-pleaded factual allegations, as is required under Rule 8. Plaintiff names defendants located in Pennsylvania, and New Jersey, and fails to include any facts about what occurred or how his rights were violated. Plaintiff makes conclusory allegations that unspecified matters have been misrepresented but does not include any facts about who was personally involved in violating his rights or any details about what happened. Plaintiff's allegations that defendants violated his constitutional rights thus fail to state a claim on which relief can be granted.

Plaintiff seems to assert claims arising from his June 2016 arrest at Hunts Point Terminal Market, but he already has a pending civil rights action in connection with that arrest, *Razzoli v. City of New York*, No. 16-CV-7136 (LGS) (S.D.N.Y.). The Court therefore dismisses any claims arising from the June 2016 Hunts Point Market arrest, without prejudice to his pursuing them in his pending action.

Since filing the complaint in this action, Plaintiff has filed numerous submissions seeking admissions, stipulations, and discovery. (ECF Nos. 3-18.) Because Plaintiff's complaint fails to state a claim on which relief can be granted, the Court denies Plaintiff's motions at this stage of the proceedings, without prejudice to his refiling such motions.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir.

2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim under the FOIA against federal agencies, or a claim for a violation of his constitutional rights the Court grants Plaintiff sixty days' leave to amend his complaint to detail his claims.

Plaintiff is granted leave to amend his complaint to provide more facts about his claims. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a)  the names and titles of all relevant people;

b)  a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c)  a description of the injuries Plaintiff suffered; and

d)  the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

The Court denies Plaintiff's motions (ECF Nos. 3-18) without prejudice. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 21-CV-4138 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue). The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   July 26, 2021
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____
(Include case number if one has been assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 2/10/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
                      (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                    (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                  Middle Initial        Last Name

_____

Street Address

_____

County, City                      State            Zip Code

_____

Telephone Number           Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                              Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                              State                    Zip Code

Defendant 2:

First Name                              Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                              State                    Zip Code

Defendant 3:

First Name                              Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                              State                    Zip Code

Defendant 4:

_____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                          State                Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____


Date(s) of occurrence: _____

## FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |
| --- | --- |

| First Name | Middle Initial | Last Name |
| --- | --- | --- |

| Street Address |
| --- |

| County, City | State | Zip Code |
| --- | --- | --- |

| Telephone Number | Email Address (if available) |
| --- | --- |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.