UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEVIN RAZZOLI,

                Plaintiff,

-against-

US ATTORNEY EXCUTIVE OFFICE; US MARSHAL EXCUTIVE OFFICE; TOP ECHILON WITTISEC PROGRAM; WITT SEC PROGRAM EXECUTIVE DIRECTOR; FEDERAL BUREAU OF PRISONS EXECUTIVE DIRECTOR; DRUG ENFORCEMENT AGENCY EXCUTIVE OFFICE; NEW YORK STATE POLICE OC & DRUG TASK FORCE EXECUTIVE OFFICE; NEW JERSEY STATE POLICE OC & DRUG TASK FORCE EXCUTIVE OFFICE; US PROBATION MIDDLE DISTRICT OF PENN.; US PROBATION EASTERN DISTRICT OF PENN; US PROBATION SOUTHERN DISTRICT OF NEW YORK; US PAROLE DEPT. EXCUTIVE OFFICE; US ATTORNEY'S OFFICE, MIDDLE DISTRICT OF PENNSYLVANIA; US ATTORNEY'S OFFICE SOUTHERN DISTRICT OF NEW YORK; US ATTORNEY'S OFFICE EASTERN DISTRICT OF PENNSYLVANIA; US ATTORNEY'S OFFICE DISTRICT OF NEW JERSEY; FEDERAL BUREAU OF PRISONS FBI/SIA DIRECTOR OF INTEL; NYPD GANG INTEL SECTION; NYPD OFFICE OF TOP ECHILON INFORMANTS; BRONX DISTRICT ATTORNEY'S OFFICE; HUNTS POINT MARKET PUBLIC SAFETY OFFICE; 41ST PRECINCT GANG INTEL UNIT NYPD,

                Defendants.

21-CV-4138 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who resides in Staten Island, New York, is proceeding *pro se* and *in forma pauperis*. By order dated July 26, 2021, the Court directed Plaintiff to amend his complaint to address deficiencies in his original pleading. Plaintiff filed an amended complaint on August 30, 2021, and the Court has reviewed it. The action is dismissed for the reasons set forth below.

**STANDARD OF REVIEW**

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court

must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff's amended complaint is nearly identical to his initial complaint. Plaintiff invokes the Freedom of Information Act (FOIA), 5 U.S.C. § 552; federal criminal statutes, 18 U.S.C. §§ 241-42, 1001; and the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the U.S. Constitution.

Plaintiff sues federal agencies and officials (including the United States Marshals Service; the United States Attorney for districts in New York, New Jersey, and Pennsylvania; the Federal Bureau of Investigation (FBI), the Drug Enforcement Agency (DEA); the "SIA Director of Intel"; and Probation Departments for districts in New York, New Jersey, and Pennsylvania), state agencies (New York and New Jersey "State Police OC & Drug Taskforce," and Bronx District Attorney's Office), and local and private entities (NYPD "Gang Intel Section," 41st Precinct "Gang Intel Unit NYPD," "NYP Office of Top Echilon Informants," and Hunts Point Market Public Safety Office).

## DISCUSSION

**A.**      **Criminal Prosecution**

As set forth in the Court's July 26, 2021 order, a private plaintiff cannot prosecute criminal charges against another.  *See, e.g., Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another."). Moreover, "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981). Prosecutors possess discretionary authority to bring criminal actions, and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972).

3

In his amended complaint, Plaintiff invokes federal criminal statutes, 18 U.S.C. §§ 241, 242, and 1001, despite having been warned that he cannot initiate the arrest and prosecution of another individual. Accordingly, the Court dismisses Plaintiff's claims, to the extent they are brought under federal criminal statutes, for failure to state a claim on which relief may be granted and as frivolous. *See* 28 U.S.C § 1915(e)(2)(B)(i), (ii).

**B.      Freedom of Information Act**

As the Court explained in its July 26, 2021 order, the FOIA provides members of the public a right of access to some information from federal executive agencies. Federal courts have jurisdiction to enforce this right if a requester can show that "an agency has (1) 'improperly;' (2) 'withheld;' (3) 'agency records.'" *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980) (quoting 5 U.S.C. § 552(a)(4)(B)). "The FOIA authorizes claims against federal agencies, not individuals." *Williams v. McCausland*, 791 F. Supp. 992, 1001 (S.D.N.Y. 1992).

A FOIA request must "reasonably describe the records of interest," which "means that documents must be described sufficiently to enable a professional employee familiar with the subject to locate the documents with a reasonable effort. . . . Extremely broad or vague requests or requests requiring research do not satisfy this requirement." 32 C.F.R. § 1900.12(a). Moreover, an applicant must exhaust administrative remedies by completing the administrative appeal process before seeking judicial review under the FOIA. 5 U.S.C. § 552(a)(6)(A)(i)-(ii); *see Sloman v. U. S. Dep't of Justice*, 832 F. Supp. 63, 65-66 (S.D.N.Y. 1993). The exhaustion requirement allows the targeted agency to correct its own errors to obviate unnecessary judicial review. *See McKart v. United States*, 395 U.S. 185, 193-94 (1969).

The Court granted Plaintiff leave to amend his complaint in order to describe the records that he seeks and what he has done to exhaust his administrative remedies. In his amended complaint, Plaintiff alleges the following:

> Executive Branches of US DOJ, Executive Branches of NY State Police NYPD & Bronx Day have used 'False & Or Misleading information Contained in their files that are being used to 'DENY' Kevin Razzoli A Right To Earn Wages after Trial Court Proceedings & alter outcome Of Pending Civil Rico Trial in Southern District of New York.
>
> . . .
>
> Defendants NYPD, US MARSHALS SERVICE SDNY, Executive Branch US Marshals, Executive Branch of Witt Sec Div. have been Maintaining in their Files on Kevin Razzoli information know[n] to be false And obtained thru use of EMIP DEVICES & other devices to obtain information and refuses Kevin Razzoli to review such Files so he can refute The information that Defendants obviously did not investigate thru an independent outside source which is law in 5 USC 552a(g)(1)(c)(g)(4)(e)(5). Also violates 18 U.S.C. 241, 242. 18 U.S.C. 1001.
>
> . . .
>
> All DEFENDANTS NAMED IN THE FOIA COMPLAINT still maintain information in their files . . .

(ECF 20 at 5, ¶¶ 1-2, 4.)[1] Plaintiff further alleges the following:

> [The] Executive Office of US Attorney Valerie Caproni (Fm. Chief US DOJ) had knowledge of MURDER CONSPIRACY OF KEVIN RAZZOLI a then US NAVY Prisoner a[t] USP LOMPOC by "TOP ECHILON RATS" Michael Loylld Code name COWBOY, such was Kevin Razzoli, revealed he was a RAT, since He was trying to [entrap] him in conversations about "CIA/Kevin Razzoli." Being involved in illegal activity & illegal imports of Weapons & other items. . . [S]uch violates 18 USC 1961-1964(c, d) & 5 USC 552(g)(1)(c)(g)(4)(e)(5).

(*Id.* at ¶ 9.)

It is unclear from Plaintiff's amended complaint what documents he is seeking. Plaintiff's allegations do not show that he made a request to a federal agency for documents that were

---

[1] The Court quotes from the complaint verbatim, including capitalization and punctuation from the original.

reasonably well described or that he exhausted his administrative remedies. Plaintiff also cannot maintain a FOIA action against individuals or state agencies. *See Williams*, 791 F. Supp. at 1001 ("The FOIA authorizes claims against federal agencies, not individuals."); *Grand Cent. Partnership, Inc. v. Cuomo*, 166 F.3d 473, 484 (2d Cir. 1999) ("FOIA applies only to federal agencies and not to state agencies."). Plaintiff's FOIA claims must therefore be dismissed.[2]

C. **Failure to Comply with Rule 8**

In its July 26, 2021 order, the Court notified Plaintiff that his complaint did not comport with Rule 8 of the Federal Rules of Civil Procedure because it consisted almost entirely of legal conclusions, rather than well-pleaded factual allegations. Plaintiff's initial complaint named more than two dozen defendants, who are located in Pennsylvania New York, and New Jersey. Plaintiff made conclusory allegations in his initial complaint that unspecified matters had been misrepresented, but he did not include any facts about who was personally involved in violating his rights or any details about what happened. It was unclear from the allegations of the complaint what occurred or how Plaintiff's rights were violated. The Court notified Plaintiff that his allegations that defendants violated his constitutional rights failed to state a claim on which relief can be granted but granted him leave to amend his complaint.

Plaintiff's amended complaint suffers from the same defects as his initial complaint. He again sues individuals and federal, state, local, and private entities from New York, New Jersey, and Pennsylvania, alleging that they violated his rights, but he does not plead any facts about what any defendant did or failed to do that violated his rights.

---

[2] Nothing in this order prevents Plaintiff from filing a new FOIA action against a federal agency after making a document request reasonably describing the documents that he seeks from a federal agency and after exhausting his administrative remedies.

In his amended complaint, Plaintiff also seems to assert claims arising from his June 2016 arrest at Hunts Point Terminal Market, but he already has a pending civil rights action in connection with that arrest, *Razzoli v. City of New York*, No. 16-CV-7136 (LGS) (S.D.N.Y.). The Court therefore dismisses any claims arising from the June 2016 Hunts Point Market arrest, without prejudice to his pursuing them in his pending action.[3] Plaintiff's remaining claims are dismissed for failure to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

**D.    Leave to Amend**

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). A court has inherent power to dismiss without leave to amend or replead "where … the substance of the claim pleaded is frivolous on its face," *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir.1988) (citation omitted), or where amendment would otherwise be futile, *Hill v. Curcione*, 657 F. 3d 116, 123-24 (2d Cir. 2011); *see also Shapiro v. McManus*, 136 S. Ct. 450, 455-56 (2015) (holding that federal-question jurisdiction is lacking where the claims are "wholly insubstantial and frivolous," "essentially fictitious," or "obviously without merit" (internal quotation marks

---

[3] Plaintiff has also brought other actions in this Court that are now closed. *See, e.g., Raz Trading LLC, et al v. Hunts Point Co-Operative Board, et al*., No. 1:15-CV-10091, 3 (PKC) (S.D.N.Y. Feb. 24, 2016) (*sua sponte* dismissing Plaintiff's complaint as unintelligible and frivolous); *Rizzolo v. Black Lives Matter*, ECF 1:21-CV-4145, 17 (LTS) (S.D.N.Y. June 7, 2021) (dismissing claims brought under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962, against Barack Obama, "Black Lives Matter," and "Antifa").

and citations omitted)). The Court declines to grant Plaintiff a further opportunity to amend his complaint as it appears that it would be futile to do so.

## CONCLUSION

Plaintiff's amended complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's claims arising from his June 2016 Hunts Point Market arrest are dismissed without prejudice to Plaintiff's pursuing these claims in his pending action under docket number 16-CV-7136 (LGS).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:  September 17, 2021
        New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge