UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEVIN RAZZOLI,

                Plaintiff,

-against-

U.S. ATTORNEY EXECUTIVE OFFICE, ET AL.,

                Defendants.

21-CV-4138 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff filed this action *pro se*. On September 17, 2021, the Court dismissed Plaintiff's claims arising from his June 2016 Hunts Point Market arrest without prejudice to Plaintiff's pursuing these claims in his pending action under docket number 16-CV-7136 (LGS), and dismissed the remaining claims under 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff filed a motion for reconsideration on October 7, 2021, challenging the dismissal order.[1]

    The Court liberally construes this submission as a motion for relief from a judgment or order, under Rule 60(b) of the Federal Rules of Civil Procedure. After reviewing the arguments in Plaintiff's submission, the Court denies the motion.

## DISCUSSION

    Under Rule 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or

---

[1] Plaintiff also filed a letter on October 4, 2021, requesting an extension of time to move for reconsideration (ECF 24), but that request is moot because he filed his motion for reconsideration three days later.

discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

Plaintiff argues that the Court's order of dismissal is in error because "all [of] the name[d] defendants in this case [have] used" falsified documents." ECF 25 at 2. He contends that in *United States v. Razzoli*, No. 12-CR-0550 (DLC) (S.D.N.Y), the United States Attorney "aver[red] false information intentionally to alter a court verdict." (*Id.*) Moreover, the New York State Police and Bronx District Attorney's Office "provided live witness testimony known to be false," and that when his sentence from those criminal proceedings is added to his 1987 U.S. Navy prison sentence, he served a term of imprisonment that exceeded the statutory maximum. Further, Plaintiff "on numerous occasions almost was killed by [the Federal Bureau of Investigation's] Top Ech[e]lon informant, code named Cowboy, while in Federal Bureau of Prisons." (*Id.* at 3.)

The Court has considered Plaintiff's arguments, and even under a liberal interpretation of his motion, Plaintiff has failed to demonstrate that any of the grounds listed in the first five clauses of Rule 60(b) apply and require reconsideration of the order of dismissal. Therefore, the motion under any of these clauses is denied.

To the extent that Plaintiff seeks relief under Rule 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted). Plaintiff has failed to demonstrate that extraordinary

circumstances exist to warrant relief under Rule 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

## CONCLUSION

Accordingly, Plaintiff's motion for reconsideration (ECF 25) is denied.

Plaintiff's case in this Court under docket number 21-CV-4138 (LTS) is closed. The Court will only accept for filing documents that are directed to the Second Circuit Court of Appeals.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   December 6, 2021
         New York, New York

                                                       /s/ Laura Taylor Swain
                                                     LAURA TAYLOR SWAIN
                                             Chief United States District Judge